# IN THE COURT OF APPEALS OF IOWA

No. 20-0739
Filed May 26, 2021

**MICHAEL TRAVIS FERGUSON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Tama County, Sean McPartland,

Judge.

Michael Ferguson appeals the denial of his application for postconviction

relief. **AFFIRMED.**

Shawn C. McCullough of Powell and McCullough, PLC, Coralville, for

appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., Ahlers, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**SCOTT, Senior Judge.**

Michael Ferguson appeals the denial of his application for postconviction relief (PCR). He argues the court erred in denying his freestanding claim of actual innocence under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018).

Ferguson's conviction of assault with intent to commit sexual abuse became final, following his guilty plea, in 2009. He filed the PCR application precipitating this appeal, his second, in 2019.[1] His application claimed: "Actual innocence . . . victim recanted statement." He claimed his victim, K.K., recanted his allegations to Ferguson and others. His amended application specifically alleged K.K. recanted his allegations to Ferguson's wife as well.

The matter proceeded to trial in December 2019. Ferguson testified that, while conducting depositions in the criminal case, his counsel advised him to take a plea deal to plead guilty to a lesser offense of the originally charged offense of third-degree sexual abuse or he would be found guilty and spend ten years in prison. He agreed because he was afraid of going to prison and he could obtain a suspended sentence and be released from jail. Ferguson testified that, in 2011, he was in the Linn County Jail playing cards with another inmate, Brock Smith, when he noticed K.K. being escorted into their same jail unit. Ferguson testified

---

[1] On appeal, the State repeats its claim below, which the district court rejected, that the application is time-barred by the three-year statute of limitations contained in Iowa Code section 822.3 (2019). "We have stated that '*Schmidt* is a new ground of law' sufficient to avoid the time bar of 822.3." *Quinn v. State*, 954 N.W.2d 75, 76 (Iowa Ct. App. 2020) (citation omitted). On the other hand, "*Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support the claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period." *Id.* at 77. While we have doubts the alleged recantation could not have been discovered within the limitations period, we proceed to the merits in an abundance of caution.

the trio remained in the same unit for two to four weeks. According to Ferguson, he coincidently ran into K.K. in the community in 2016 and they exchanged numbers. Ferguson and his then wife, Libby, ran into K.K. a couple weeks later. K.K. also had subsequent contact "a couple times on Facebook and over text messaging." Libby testified she recalled running into K.K. when she was with Ferguson on a couple of occasions, but she did not recall anything being discussed about the prior sex-abuse case. On each occasion, according to Libby, Ferguson "said he didn't want to be around" K.K. because he got him in trouble, and Ferguson specifically explained to her "him and [K.K.] had sexual interactions" resulting in the criminal charges.

According to Smith's deposition testimony,[2] he met Ferguson while both were incarcerated in the Linn County Jail for a few months in 2011. Smith and Ferguson eventually became friends. The pair began discussing their criminal cases, with Ferguson explaining he was accused of doing "sexual things with a kid." Eventually, Ferguson's victim, K.K., landed himself in the Linn County Jail as well. When K.K. entered the same jail unit as Smith and Ferguson, Ferguson pointed to K.K. and advised Smith, "That's my victim." According to Smith, he eventually asked K.K. about the allegations between him and Ferguson, and K.K. responded, "What are you talking about?" and "No, nothing happened between us." Smith stated he was simply curious because he thought it odd that Ferguson and his victim would be placed in the same housing unit. Smith never relayed said

---

[2] Following the PCR trial, the record was left open for submission of deposition testimony from Smith and K.K.

information to Ferguson.  Smith asserted he had never discussed the information with anyone until his December 2019 deposition.

In his deposition, K.K. stated Ferguson began living with him and his mother when K.K. was fifteen or sixteen, and he confirmed he was the victim as to Ferguson's sexual-abuse offense.  Allegations made their way to law enforcement, and Ferguson was criminally charged.  K.K. recalled encountering Ferguson in the Linn County Jail, but he did not recall meeting Smith or telling him or anyone else that Ferguson did not sexually abuse him.  According to K.K., he was only in the same unit as Ferguson for "a half a night," because he advised his mother he was in the same unit as Ferguson, she complained to jail staff, and K.K. was moved immediately.  K.K. testified he did not speak to anyone about Ferguson while he was in jail or have contact with Ferguson.  He also testified the allegations against Ferguson were true, stating Ferguson "touched [his] penis and just violated [him]." K.K. confirmed he never "told anyone that Mr. Ferguson did not do those things that [he] accused him of."  He denied ever having contact with Ferguson or Ferguson's wife or recanting his allegations to them.

The actual-innocence question before the court was whether Ferguson showed "by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict [him] of the crimes for which the sentencing court found [him] guilty in light of all the evidence, including the newly discovered evidence."  *Schmidt*, 909 N.W.2d at 797. Reviewing all the evidence, the district court answered that question in the negative and denied and dismissed Ferguson's PCR application.  Reviewing for legal error on appeal, *see Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018), we

agree and affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1) (d) and (e).

**AFFIRMED.**